UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION - FLINT

UNITED STATES OF AMERICA,

    Plaintiff,

vs.                          CASE NO. 07-CR-20070-1FL

NAKAILYUS BROWN,          HON. PAUL V. GADOLA
                                        MAG. JUDGE STEVEN D. PEPE
    Defendant.
_____/

## HEARING ORDER REGARDING
## ORAL MOTION FOR BOND REVIEW

This matter came before the Court for hearing on August 28, 2007, on the Government's motion for bond review. The Defendant initially appeared before the Court on February 14, 2007 for arraignment on an Indictment, charging him with violations of 21 U.S.C. § 841(a)(1) and (b)(1)(B); 18 U.S.C. § 924 ( c ). He was initially detained and a detention hearing was set for February 22, 2007. The Defendant was released on March 14, 2007, on an unsecured bond under to 18 U.S.C. § 3142(c), with a substantial set of conditions and restrictions including third party custody, curfew and electronic monitoring.

On August 28, 2007, the Defendant was re-arraigned on the Indictment because it was believed he was given incorrect sentencing penalties at the original arraignment. Based upon that information, the Government moved to have the Defendant detained because of the greater penalties he now faces. The Government points out that the Defendant faces a term of incarceration of not less than 5 years, and up to 40 years on Counts One and Four of the Indictment; up to 20 years on

Count Three. And on Counts Two and Five, not less than 5 years, and a fine of not more than $250,000.00 on each count, which sentence must be consecutive to the sentence imposed on any other count or counts; but if convicted of both Counts Two and Five, then the sentence on Count Five shall be a term of imprisonment for at least 25 years, consecutive to the sentence imposed on any other count or counts. Thus, if convicted on various counts, Defendant faces a possible minimum sentence of thirty years. Further, the Government notes that the weight of the evidence against this Defendant is very strong.

The Bail Reform Act in 18 U.S.C. 3142(g) provides factors for the Court to consider in determining if an individual should be released. Among those factors is the nature and circumstances of the offense, as well as the weight of the evidence against the person. In this case, these two factors strongly indicate that the Defendant should be detained. Given the quantity of the drugs involved, there is also a statutory presumption for detaining Defendant under 18 U.S.C. § 3142(d). Yet, other individual factors must also be considered on the issue of whether Defendant has rebutted the statutory presumption. While Congress might have attempted to make the strength of the evidence determinative in a drug case involving certain quantities of drugs, it has not done so. Furthermore, any such attempt would likely be found to be an unconstitutional restriction in violation of: (1) a defendant's procedural due process rights to an individualized bail hearing required by the Fifth Amendment; (2) the separation of powers doctrine; as well as (3) the Eighth Amendment's prohibition against excessive bail.

In this case the defendant, who is 29 years of age, is a long time resident of this community. He has no prior criminal record or arrests or convictions. He has a respectable background of education and prior employment. He has extraordinarily strong and multiple family ties compared

to many of the defendants this Court sees on drug charges. With no prior arrests or criminal involvements, there is no evidence of prior failures to appear or violation of bond or probation terms. Defendant has been on bond with strict conditions since February of this year. The Pretrial Services Officer indicated that the defendant has complied with all the terms of his pretrial release while on bond and did not recommend any modification of his earlier recommendation on bond. Defense counsel assured the Court that Defendant that from at least June of this year, when discovery was received from the government, he and his client were aware of the strength of the government's case and of the potential maximum sentence. He argued that had this information increased his client's desire to flee, he has had the opportunity and has not done so. Counsel argues that nothing has changed since as least June that would increase the risks of flight.

It is an important policy that individuals who avoid criminal involvements, have strong family and other ties to a community, and otherwise develop a socially responsible background can be assured that Courts will credit such matters if they are ever charged with a serious crime. If this were not the case, it would erode one of the supports and incentives for responsible citizenship in our society.

While the Government has made a strong argument for detention, the factors that weigh in favor of the Defendant's continued release in this matter are greater, and it is determined that there are no sufficient grounds to modify the multiple conditions of release that have been set and complied with in this case.

The Government's motion for bond revocation is hereby **DENIED.**

**SO ORDERED.**

The parties may file objections to this order for review by Judge Gadola within ten days after

service.


DATED: August 30, 2007         s/Steven D. Pepe
                               Steven D. Pepe
                               United States Magistrate Judge




**CERTIFICATE OF SERVICE**

I hereby certify that on August 30, 2007, I electronically filed the foregoing order with the Clerk of the Court using the ECF system which will send notification of such filing to the following: Robert W. Haviland, AUSA, Christopher J. McGrath, Esq., and I hereby certify that I have hand delivered/mailed by United States Postal Service the paper to the following non-ECF participants: Pretrial Service Officer, U.S. Marshal Service

                               s/ James P. Peltier
                               Courtroom Deputy Clerk
                               U.S. District Court
                               600 Church St.
                               Flint, MI 48502
                               810-341-7850
                               pete_peltier@mied.uscourts.gov